### ST. DUNSTAN SOCIETY v. MENDELSON.

(Supreme Court, Appellate Term. December 22, 1909.)

SALES (§ 52*)—CONTRACTS—FRAUD—EVIDENCE.

 Evidence in an action for the price of books sold *held* not sufficient to prove that the order for the books was obtained by fraud, or that the books were not as represented.

 [Ed. Note.—For other cases, see Sales, Cent. Dig. § 140; Dec. Dig. § 52.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the St. Dunstan Society against Henry Allen Mendelson. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Wilber, Norman & Kahn, for appellant.

PER CURIAM. Defendant signed a contract, by which he agreed to buy from M. Walter Dunne—

"one set of the Autograph Edition de Luxe registered and numbered copies of Universal Classics Library and Classics Manuscripts, to be completed in 31 volumes printed on deckle-edge water-marked paper, illustrated with aquarelles, etchings, mezzotints, and photogravures. Not less than 12 hand-painted Japan plate reproductions, signed by the artists. Autograph page, in colors, on Japan," etc.

The contract indicated that defendant's set was No. 22. For these books defendant agreed to pay $97.50, at the rate of $5 monthly. This contract was subsequently assigned to plaintiff. The books were delivered, and defendant paid $15 of the price, after which he refused to pay further, alleging that he had been induced to sign the contract upon fraudulent statements, and that the books were not as represented.

Although these contentions may be as alleged, yet the only evidence upon which the trial court gave judgment was that defendant had opened one book, and that he had seen a similar set for sale at a department store for $35. This last statement was only brought out on cross-examination of defendant by plaintiff's counsel. The rest of the testimony consisted chiefly of narrating the conversation had between defendant and the book agent at the time of signing the contract. These facts are far from sufficient to support an allegation of fraud, or that the books are not as represented. The defendant should be given an opportunity to prove his contentions, which he utterly failed to do upon this trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.